IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHARON SAUNDERS & MERLIN SAUNDERS, | ) ) ) | No. CV-F-04-5924 REC LJO |
| Plaintiffs, | ) ) | ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS. |
| vs. | ) ) | (Docs. 26, 27, 38) |
| DET. CYNTHIA KNIGHT, et al., | ) ) | |
| Defendants. | ) ) ) | |

On February 7, 2005, the Court heard motions to dismiss brought by various Defendants in this case.  Upon due consideration of the written and oral arguments of the parties and the record herein, the Court GRANTS the motions to dismiss as set forth below.

**I.   Factual Background**

Sharon and Merlin Saunders ("Plaintiffs") were involved in an organization called the "Constitutional Colleagues," which is an "educational organization based on the principles of the Constitution of the United States of America."  Compl. at 4.  On January 5, 1999, Fresno County Sheriff's Department law

1

1   enforcement officers entered a meeting room at the Fashion Fair

2   Mall where a meeting of the Constitutional Colleagues was taking

3   place.   The officers executed a search warrant and Plaintiff

4   Sharon Saunders was arrested.   Plaintiffs' vehicle and residence

5   in Clovis were also searched pursuant to a warrant.   Plaintiffs

6   allege that personal property was seized from their persons,

7   vehicle and home.

8       Plaintiff Sharon Saunders was taken into custody on a charge

9   of violating California Penal Code section 327.   Section 327

10  makes an endless chain scheme unlawful.   An "endless chain" is

11  defined as:

12      [A]ny scheme for the disposal or distribution of
        property whereby a participant pays a valuable
13      consideration for the chance to receive compensation
        for introducing one or more additional persons into
14      participation in the scheme or for the chance to
        receive compensation when a person introduced by the
15      participant introduces a new participant.
        Compensation, as used in this section, does not mean or
16      include payment based upon sales made to persons who
        are not participants in the scheme and who are not
17      purchasing in order to participate in the scheme.

18  Cal. Pen. Code § 327.   Endless chains are more commonly known as

19  pyramid schemes.   In addition to Plaintiff Sharon Saunders, three

20  other people - Blaine William, Peter Plitt and Jerry Thorstad -

21  were charged with violating section 327.

22      On July 7, 2003, a preliminary hearing on the criminal

23  charge was held in Fresno County Superior Court.   Judge Nunez

24  dismissed the charges as to all defendants, finding that there

25  was no probable cause to believe that a crime had been committed.

26  ///

**II.   Procedural Background**

On July 2, 2004, Plaintiffs filed their Complaint pursuant to 42 U.S.C. § 1983.  The Complaint names as Defendants the City of Fresno, the County of Fresno (including the Board of Supervisors), members of the District Attorney's Office[1] ("DA Defendants"), and members of the Fresno County Sheriff's Department[2] ("Sheriff Defendants").[3]

Plaintiffs allege six causes of action under section 1983. Counts one through six stem from violations of Plaintiffs' rights under the First, Fourth, Fifth, Fourteenth, Ninth and Tenth Amendments to the United States Constitution, respectively.

The Complaint also mentions various state law tort theories, though no statutory basis is provided.  The Complaint states:

> [F]alse arrest, imprisonment in a jail cell by said defendants caused said plaintiffs to suffer defamation of character, slander and libel, and loss of employment to Sharon Saunders, as already cited herein, which caused the loss of their home, and which caused mental and emotional distress, anguish, humiliation, embarrassment, trepidation, terrorization, for which the said defendants are liable to plaintiffs for said injuries and losses.

Compl. at 3, 14.  Plaintiffs also make reference to "malicious prosecution" and "intentional refusal to return personal

---

[1] These Defendants are District Attorney Edward Hunt, Deputy District Attorney Bob Ellis, and Deputy District Attorney John Savrnoch.

[2] These Defendants are Detective Cynthia Knight, Sheriff Richard Pierce, Detective Mark Chapman, Sergeant Dadian, Detective Earl Richardson, Detective Janice Rasmussen, Detective Ken Bowden, Deputy Patrick Hanson, Deputy Juan Espinoza, and the Fresno County Board of Supervisors.

[3] "County Defendants" refers to the DA and Sheriff Defendants.

1 property."  Compl. at 2.

2     The City of Fresno and DA Defendants filed motions to

3 dismiss that address all of Plaintiffs' claims.  Sheriff

4 Defendants moved to dismiss the state law claims only, but also

5 filed a motion for a more definite statement.  The Court has

6 combined the arguments of Defendants wherever possible.

7 **III.  Motions to Dismiss**

8     **A.  Legal Standard**

9     Dismissal of a complaint pursuant to Rule 12(b)(6) is proper

10 if "it appears beyond doubt that the plaintiff can prove no set

11 of facts in support of his claim which would entitle him to

12 relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2

13 L. Ed. 2d 80 (1957).  In testing the sufficiency of a complaint

14 against a Rule 12(b)(6) challenge, a court must "accept all

15 material allegations in the complaint as true and construe them

16 in the light most favorable to the plaintiff."  <u>North Star Int'l</u>

17 <u>v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 580 (9th Cir. 1983).  The

18 Court need not, however, "accept legal conclusions cast in the

19 form of factual allegations if those conclusions cannot

20 reasonably be drawn from the facts alleged."  <u>Clegg v. Cult</u>

21 <u>Awareness Network</u>, 18 F.3d 752 (9th Cir. 1994).  Additionally,

22 the pleadings of *pro se* litigants, such as Plaintiffs, "are held

23 to less stringent standards than formal pleadings drafted by

24 lawyers."  <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 66 L.

25 Ed. 2d 163 (1980) (quotation omitted).

26     A complaint may be dismissed as a matter of law if there is

4

1  a lack of a cognizable legal theory or if there are insufficient

2  facts alleged under a cognizable legal theory.  <u>Balistreri v.</u>

3  <u>Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  The

4  Court must determine whether or not it appears to a certainty

5  under existing law that no relief can be granted under any set of

6  facts that might be proved in support of a plaintiff's claims.

7  <u>De La Crux v. Tormey</u>, 582 F.2d 45, 48 (9th Cir. 1978), *cert.*

8  *denied*, 441 U.S. 965, 99 S. Ct. 2416, 60 L. Ed. 2d 1072 (1979).

9  **B.  Plaintiffs' Federal Claims**

10 **1.  Claims based on the Ninth & Tenth Amendment**

11 Plaintiffs' fifth and sixth causes of action allege

12 violations of section 1983 based on rights protected by the Ninth

13 and Tenth Amendments to the Constitution.  Neither Amendment

14 provides a proper basis for a civil rights claim.  <u>Strandberg v.</u>

15 <u>City of Helena</u>, 791 F.2d 744 748-49 (9th Cir. 1986) (Ninth

16 Amendment); <u>Stone v. City of Prescott</u>, 173 F.3d 1172, 1174-75

17 (9th Cir. 1999) (Tenth Amendment).  Accordingly, these causes of

18 action are DISMISSED WITH PREJUDICE.

19 **2.  Statute of Limitations**

20 **a) The Applicable Statute of Limitations**

21 Actions pursuant to section 1983 are governed by the statute

22 of limitations for personal injury actions in the forum state.

23 <u>Knox v. Davis</u>, 260 F.3d 1009, 1013 (9th Cir. 2001).  Until

24 January 1, 2003, the statute of limitations in California was one

25 year.  <u>Id.</u> at 1014.  Effective January 1, 2003, personal injury

26 actions in California became subject to a two-year statute of

5

1 limitations period pursuant to section 335.1 of the California

2 Code of Civil Procedure.  The California Court of Appeal has held

3 that the two year limitation period does not apply retroactively

4 to acts or omissions occurring or causes of action accruing

5 before the effective date of section 335.1.  <u>Maldonado v. Harris</u>,

6 370 F.3d 945, 955 (9th Cir. 2004).

7    While state law determines the length of the limitations

8 period, federal law determines when a civil rights claim accrues.

9 <u>Knox</u>, 260 F.3d at 1013.  Under federal law, a "claim accrues when

10 the plaintiff knows or has reason to know of the injury which is

11 the basis of the action."  <u>Id.</u> (quotations omitted).

### b) Plaintiff Sharon Saunders

13    To the extent they are based on the allegedly unlawful

14 searches and seizures, the claims of Plaintiff Sharon Saunders

15 accrued on January 5, 1999 and are subject to the then-applicable

16 one year statute of limitations.  Defendants argue that the

17 claims are time-barred because Plaintiffs' Complaint was filed

18 July 2, 2004.

19    Plaintiff Sharon Saunders argues that the statute of

20 limitations on her claims was tolled by section 945.3 of the

21 California Government Code and did not begin to run until July 7,

22 2003, the date the charges against her were dismissed.  Section

23 945.3 provides, in pertinent part, that:

24    No person charged by indictment, information, complaint
      or other accusatory pleading charging a criminal
25    offense may bring a civil action for money or damages
      against a peace officer or the public entity employing
26    a peace officer . . . while the charges are pending

1  before a justice, municipal, or superior court.

2  Any applicable statute of limitations for filing and
   prosecuting these actions shall be tolled during the
3  period that the charges are pending before a justice,
   municipal, or superior court.

4

5  Cal. Govt. Code § 945.3.  This section applies to toll the

6  limitations period on state law as well as section 1983 claims.

7  Harding v. Galceran, 889 F.2d 906, 908 (9th Cir. 1989).

8      The City argues that section 945.3 is applicable because of

9  the City's limited involvement, but cites no legal authority.  DA

10 Defendants argue that the third claim (Fifth Amendment) is

11 nonetheless time barred because while section 945.3 bars suits

12 against officials while charges are pending, it does not prevent

13 a motion for a return of property, which is provided for by

14 section 1538.5(a)(1) of the California Penal Code.  DA Defendants

15 misconstrue Plaintiffs' claims.  In the prayer for relief,

16 Plaintiffs seek damages under their Fifth Amendment claim, not

17 simply the return of property.  Thus the motion provided for in

18 the penal code was insufficient to provide relief and Plaintiffs'

19 avenue for relief was a lawsuit, which was barred at the time.

20     Accordingly, the section 1983 claims of Plaintiff Sharon

21 Saunders are not barred by the statute of limitations and cannot

22 be dismissed on this basis.

23           **c) Plaintiff Merlin Saunders**

24     Plaintiff Merlin Saunders' section 1983 claims accrued on

25 January 5, 1999, and are likewise subject to the one year statute

26 of limitations.  By its terms, section 945.3 applies only to

7

1    persons facing charges.  There is no allegation that Plaintiff

2    Merlin Saunders was arrested or faced charges at any time.

3    Accordingly, his claims accrued on January 5, 1999 and are barred

4    by the one year statute of limitations.  Accordingly, the section

5    1983 claims of Plaintiff Merlin Saunders are DISMISSED WITH

6    PREJUDICE as to all Defendants.

7              **3.   Failure to State a Claim Pursuant to _Monell_**

8                   **a) Monell**

9        Whether Plaintiff Sharon Saunders can state a cause of

10   action under section 1983 is governed by _Monell v. Dept. of_

11   _Social Services of New York_, 436 U.S. 658, 98 S. Ct. 2018, 56 L.

12   Ed. 2d 611 (1978).  In _Monell_, the Supreme Court held that

13   municipalities are "persons" within the meaning of section 1983

14   but the municipality itself must cause the constitutional

15   deprivation.  _Id._ at 691.  A city may not be held liable for

16   unconstitutional acts of its employees under a respondeat

17   superior theory.  _Id._  A "direct causal link between a municipal

18   policy or custom and the alleged constitutional deprivation" is

19   required.  _City of Canton, Ohio v. Harris_, 489 U.S. 378, 385 103

20   L. Ed. 412, 109 S. Ct. 1197 (1989).

21       In _Gillette v. Delmore_, 979 F.2d 1342, 1349 (9th Cir. 1992),

22   the Ninth Circuit summarized the ways by which municipal

23   liability under section 1983 may be established: 1) if the

24   violation was committed "pursuant to a formal governmental policy

25   or a longstanding practice or custom," 2) if the individual who

26   committed the violation "was an official with final policy-making

                                   8

authority," or 3) if "an official with final policy-making

authority ratified a subordinate's unconstitutional decision or

action."  <u>Id.</u> at 1346-47.  The practice must be "so persistent

and widespread" that it constitutes a "permanent and well settled

city policy."  <u>Monell</u>, 436 U.S. at 691.

### b) City of Fresno

The City of Fresno argues that the Complaint fails to state

a cause of action for civil rights violations against the City of

Fresno under <u>Monell</u> because it alleges no action on the part of

City of Fresno, let alone any action pursuant to a formal policy

or longstanding practice.  The Complaint alleges that the

violations described "constituted a policy usage, custom, habit,

pattern and practice" by Defendants. Compl. ¶ 12.  The Complaint

also alleges that the City the County of Fresno "have agreements

in writing or contracts in which they have agreed to co-operate

within each others [sic] jurisdictions," that the City allows the

County to maintain its offices within the City's jurisdiction,

and that the actions of the Sheriff Defendants were being carried

out within the City of Fresno, and because the group meetings

were in the City of Fresno it "placed the jurisdiction over the

alleged crimes within the original jurisdiction of the Fresno

City Police."  The Complaint alleges that the City of Fresno has

received "secret training" from the government that amounts to

the "application of secret policy and secret law."  The Complaint

further alleges that the City of Fresno has a "policy of

knowingly allowing the various local city and county government

9

1  agencies and their agents employees and officers to carry out

2  acts an alleged enforcement actions which knowingly and

3  intentionally violate the federal and state . . . rights."   The

4  Complaint maintains that there is a history of judgments against

5  the City and County for such violations.

6      It is apparent to the Court that there is no set of facts

7  under which Plaintiffs may state a section 1983 claim against the

8  City of Fresno.   The allegations are insufficient to establish

9  that a violation of a federally protected right occurred as a

10  result of a policy, practice or custom adopted or ratified by a

11  City of Fresno municipal policymaker, indeed there is no action

12  alleged on the part of the City of Fresno or anyone acting on its

13  behalf.   That the Sheriff's Office is allowed to operate within

14  the City does not indicate a policy or custom.

15      To the extent that Plaintiffs allege that the City of Fresno

16  is liable for the actions of the Fresno County Sheriff's

17  Department, the allegations are likewise insufficient.   Even

18  assuming the Sheriff's Office could be linked to the City of

19  Fresno, under Monell, 436 U.S. at 690, a local government may not

20  be held liable for the acts of its employees under a respondeat

21  superior theory.   The liability of a local government must rest

22  on its actions, not the actions of its employees.

23      Because Plaintiffs are unable to demonstrate that the

24  alleged constitutional violations were the product of a policy or

25  custom of the City of Fresno, Plaintiffs' section 1983 claims are

26  DISMISSED WITH PREJUDICE as to the City of Fresno.

1

### c) DA Defendant Hunt

2    DA Defendants argue that the section 1983 claims against

3  Defendant Hunt must be dismissed because the Complaint fails to

4  allege that Hunt was involved in the prosecution of Plaintiff

5  Sharon Saunders and also fails to allege an injury due to a

6  policy or custom of the local governmental unit.

7    As discussed <u>supra</u>, municipalities cannot be held liable

8  under section 1983 on a theory of respondeat superior.  The same

9  rule applies to individuals.  <u>Monell</u>, 436 U.S. at 692.  Here,

10  there is no allegation that DA Defendant Hunt was personally

11  involved in the prosecution of Plaintiff Sharon Saunders.

12    Even given the most liberal of readings, DA Defendants still

13  prevail.  To satisfy section 1983's policy requirement, there

14  must be a rule or regulation that was promulgated, adopted or

15  ratified by local government or a custom, even if unapproved

16  through official channels.  <u>Monell</u>, 436 U.S. at 690-91; <u>see</u> <u>also</u>

17  <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 481 (1986).  "Proof

18  of random acts or isolated events are insufficient to establish

19  custom."  <u>Navarro v. Block</u>, 72 F.3d 712, 714 (9th Cir. 1996).

20    The allegations regarding DA Defendant Hunt are insufficient

21  to demonstrate causation such that DA Defendant Hunt may be

22  liable for the acts of his subordinates.  Hunt's name is only

23  mentioned twice within the body of the Complaint, and there is no

24  allegation that he was personally involved in Plaintiff Sharon

25  Saunders' prosecution.  Further, Plaintiffs' violations are

26  rooted in the activities of the Sheriff Defendants; Hunt cannot

11

1 be liable for their actions.

2    Accordingly, Plaintiffs' section 1983 claims are DISMISSED

3 as to DA Defendant Hunt.

4                **4. Absolute Prosecutorial Immunity**

5    A state prosecutor is entitled to absolute immunity from

6 liability under section 1983 for damages resulting from their

7 conduct in "initiating a prosecution and in presenting the

8 State's case insofar as that conduct is 'intimately associated

9 with the judicial phase of the criminal process.'" <u>Imbler v.</u>

10 <u>Pachtman</u>, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128

11 (1976).  Immunity rests on the "nature of the function performed,

12 not the identity of the actor who performed it." <u>Kalina v.</u>

13 <u>Fletcher</u>, 522 U.S. 118, 127, 118 S. Ct. 502, 139 L. Ed. 2d 471

14 (1997).  If a prosecutor steps outside of his or her role as an

15 advocate, his or her conduct is protected by immunity only to the

16 extent that any other individual would be protected in performing

17 the same function.  <u>Id.</u> at 129-30.  If a prosecutor performs

18 administrative or investigative functions that do not relate to

19 an advocate's preparation for the initiation of prosecution or

20 for judicial proceedings, the prosecutor is not entitled to

21 absolute immunity.  <u>Burns v. Reed</u>, 500 U.S. 478, 494-96, 111 S.

22 Ct. 1934, 114 L. Ed. 2d 547 (1991).

23    Here, DA Defendants argue that prosecutorial immunity

24 applies to bar Plaintiffs' claims and that the section 1983

25 claims should be dismissed.  Plaintiffs' allegations include the

26 only the following statement as to DA Defendants:

1    DEFENDANTS D.D.A. BOB ELLIS, AND DEPUTY DISTRICT
     ATTORNEY JOHN SAVRNOCH, FAILED TO FULFILL AND CARRY OUT
2    THEIR SAID LEGAL DUTY UNDER STATE AND FEDERAL LAW TO
     THE INJURY AND DAMAGE OF PLAINTIFFS HEREIN . . ..
3

4    Pls.' Compl. at 16.

5         This allegation is insufficient to allege that DA Defendants

6    did anything other than perform traditional prosecutorial

7    functions.  Absent such an allegation, DA Defendants are

8    protected by absolute immunity.  Accordingly, Plaintiffs' section

9    1983 claims are DISMISSED WITHOUT PREJUDICE as to DA Defendants.

10        In sum, all claims of Plaintiff Merlin Saunders are

11   dismissed with prejudice because they are time barred.  The

12   section 1983 claims of Plaintiff Sharon Saunders are dismissed

13   with prejudice as to the City of Fresno.  Plaintiff Sharon

14   Saunders may amend her complaint as to the claims against DA

15   Defendants.[4]  Such an amendment will only be successful if it

16   satisfies the requirements of Monell and alleges involvement on

17   the part of DA Defendants in activities outside the scope of the

18   prosecution.  Plaintiff Sharon Saunders is reminded that she is

19   subject to Rule 11 of the Federal Rules of Civil Procedure.  Rule

20   11(b)(3) provides that by presenting a signed pleading to the

21   court the pleader represents that the factual contentions therein

22   "have evidentiary support" or "are likely to have evidentiary

23
_____

24        [4] The Court notes that under Rule 15 of the Federal Rules of
     Civil Procedure, Plaintiff Sharon Saunders may amend her complaint
25   as of right prior to the filing of a responsive pleading.  No
     responsive pleading has been filed in this case and thus the Court
26   is note required to grant leave to amend.

1  support" after reasonable discovery.  Failure to comply with Rule

2  11 may result in sanctions, including dismissal of this action

3  and/or the imposition of monetary sanctions.

4      **C.  Plaintiffs' State Law Claims**

5          **1.  Compliance With the California Tort Claims Act**

6      All Defendants argue that Plaintiffs' state law claims fail

7  because the Compliant fails to allege compliance with California

8  Tort Claims Act, Cal. Govt. Code section 810, *et seq.*.

9          **a) Legal Standard**

10     Government Code section 945.4 provides that "no suit for

11  money or damages may be brought against a public entity" until

12  after a written claim for damages has been presented to the

13  public entity.  A claim relating to "injury to the person" must

14  be filed within six months of accrual.  Cal. Govt. Code § 911.2.

15  An action is barred if a claim is not timely presented.  Cal.

16  Govt. Code § 950.2.

17     Compliance with the claim procedure is an integral part of a

18  plaintiff's cause of action and must be pleaded and proved.

19  <u>State of California v. Sup. Ct. of Kings County (Bodde)</u>, 32 Cal.

20  4th 1234, 1239 (2004).  Failure to allege compliance with the

21  Tort Claims Act is fatal to a plaintiff's state law claims.  If

22  the claims procedures are not fully satisfied prior to filing

23  suit, a complaint must allege facts sufficient to support one of

24  the available grounds for excuse.  Van Alstyne, <u>California</u>

25  <u>Government Tort Liability Practice</u> (4th ed. 2004) § 8.40.

26     Defendants are correct that the Complaint does not allege

14

1  compliance with the Tort Claims Act.  Plaintiffs attached to

2  their opposition various documents apparently relating to the

3  claims of Plaintiff Sharon Saunders, who argues that the superior

4  court relieved her of the claim requirement.  However, a motion

5  to dismiss is decided on the face of the complaint, and a

6  plaintiff is required to either plead compliance with the Tort

7  Claims Act or demonstrate that compliance is not required.

8  Accordingly, Plaintiffs' state law claims are DISMISSED.  To the

9  extent Plaintiffs' state law claims are not dismissed with

10  prejudice for other reasons set forth in this order, Plaintiffs

11  must comply with the pleading requirements of the Tort Claims Act

12  in any amended pleading.

13          **b) Dismissal with Prejudice as to City of Fresno**

14       The City of Fresno asserts that no claim against the City

15  was filed within the statutory period and that Plaintiffs' claims

16  against it should be dismissed.  The City of Fresno submitted the

17  declaration of Kerry Trost, the Senior Risk Analyst for the

18  City's Risk Management Division, in support of its argument.  Ms.

19  Trost avers that she is the person who would know whether a claim

20  has been filed with the City of Fresno and that no such claim has

21  been filed by Plaintiffs.

22       The City of Fresno requests that the Court take judicial

23  notice of Ms. Trost's declaration pursuant to Rule 201 of the

24  Federal Rules of Evidence.   Rule 201 provides that:

25          A judicially noticed fact must be one not subject to
            reasonable dispute in that it is either (1) generally
26          known within the territorial jurisdiction of the trial

15

1    court or (2) capable of accurate and ready
     determination by resort to sources whose accuracy
2    cannot reasonably be questioned.

3   Fed. R. Evid. 201(b).  A court may take judicial notice of facts

4   outside the pleadings on motion to dismiss, including judicial

5   notice of "records and reports of administrative bodies."  Mack

6   v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir.

7   1986).  Matters of public record may thus be considered without

8   converting a 12(b)(6) motion into a motion for summary judgment.

9   The Court hereby takes judicial notice of the absence of a record

10  regarding a claim filed by Plaintiffs against the City of Fresno.

11       California Government Code section 945.3 specifies that it

12  "shall not extend the time within which a claim is required to be

13  presented" under the Tort Claims Act.  Accordingly, because no

14  claim was filed with the City of Fresno pursuant to the Tort

15  Claims Act within the applicable statutory period, Plaintiffs'

16  state law claims against the City of Fresno are DISMISSED WITH

17  PREJUDICE.

18                 **2.  Failure to State a Claim**

19       The City of Fresno argues in the alternative that Plaintiffs

20  have failed to state a claim as to any of their state law causes

21  of action and that the state law claims are time-barred.  The

22  Court agrees.  Rule 8 of the Federal Rules of Civil Procedure

23  require a statement showing the pleader is entitled to ht relief

24  requested.  Fed. R. Civ. P. 8(a)(2).  Specific elements must be

25  pleaded to allege defamation, negligent infliction of emotional

26  distress and intentional infliction of emotional distress.  See

                                16

1  id.; Jones v. Community Redevelopment Agency, 733 F.2d 646, 649

2  (9th Cir. 1984) (pleading mus give fair notice and state elements

3  of claim plainly and succinctly).

4       For defamation, a plaintiff must allege slander or libel,

5  both of which require a "false and unprivileged publication."

6  Cal. Civ. Code §§ 44-46.  Plaintiffs attached to their complaint

7  newspaper and online articles that mention Plaintiff Sharon

8  Saunders' arrest.  Plaintiffs have failed to allege, and from the

9  facts appears cannot allege, any act of publication by the City

10 of Fresno or a City employee.  Similarly, the claims for

11 emotional distress require some act on the part of the defendant,

12 here the City of Fresno.  The Complaint fails to allege that the

13 City of Fresno or any employee thereof was in any way involved in

14 Plaintiffs' case, other than that the January 5, 1999 meeting

15 took place within the City and vague allegations regarding the

16 interactions of the County and City of Fresno.  This is

17 insufficient.  Accordingly, Plaintiffs' state law claims are

18 DISMISSED WITH PREJUDICE as to the City of Fresno.

19      As to the statute of limitations issue, as discussed supra,

20 the statute was tolled Plaintiff Sharon Saunders while charges

21 against her were pending.  Also as discussed, no tolling

22 provision applied to Plaintiff Merlin Saunders and his claims are

23 time-barred and DISMISSED as against the City of Fresno.[5]

24 _____

25      [5] Neither the Sheriff nor the DA Defendants raised the statute
   of limitations issue with respect to the state law claims.  Because
26 it is an affirmative defense, the parties must raise the issue in
   order for the Court to base dismissal thereupon.

### 3.   Discretionary Immunity of DA Defendants

DA Defendants also argue that all state law theories fail to state a claim due to discretionary immunity.  Section 820.2 of the California Government Code specifies that "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."  Cal. Govt. Code § 820.2.

"Under California law the immunity statute is given an 'expansive interpretation' in order to best further the rationale of the immunity, that is, to allow the free exercise of the prosecutor's discretion and protect public officers from harassment in the performance of their duties."  Ingram v. Flippo, 74 Cal. App. 4th 1280, 1292 (1999) (discussing sections 821.6 and 820.2).  Oddly, DA Defendants do not cite section 821.6, which provides that a "public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously or without probable cause."  Cal. Govt. Code § 821.6.  In any event, the more general immunity provision in section 820.2 is applicable here and DA Defendants are immune from suit as to Plaintiffs' state law claims.  Accordingly, Plaintiffs' state law claims against DA Defendants are DISMISSED WITH PREJUDICE.

///

1            **4.  Litigation Privilege of DA Defendants**

2          Even if DA Defendants were not immune from suit, to the

3    extent Plaintiff Sharon Saunders attempts to state a claim for

4    defamation[6] based on statements made during the course of her

5    criminal prosecution, the statements are privileged.

6          Section 47 of the California Civil Code provides that a

7    "privileged publication or broadcast is one made: (a) in the

8    proper discharge of an official duty.  (b) In any (1) legislative

9    proceeding, (2) judicial proceeding, (3) in any other official

10   proceeding authorized by law."  Cal. Civ. Code § 47.   DA

11   Defendants argue, and the Court agrees, that any comments made

12   were in the course of a judicial proceeding or other proceeding

13   authorized by law and are absolutely privileged.   Accordingly the

14   state law claim for defamation against DA Defendants is DISMISSED

15   WITH PREJUDICE.

16            **5.  Sovereign Immunity**

17         County Defendants argue that they are immune from liability

18   under California law.  Section 815 of the California Government

19   Code provides that public entities are not liable "[e]xcept as

20   otherwise provided by statute."  Cal. Govt. Code § 815(a).

21   Section 820 provides that public employees, however, are liable

22   for their torts to the same extent as private individuals unless

23   an immunity provision applies.  Id. at § 820.   Public entities

24   _____

25         [6] Plaintiff Merlin Saunders could not, of course, state a
     claim for defamation as the alleged statements were not of and
26   concerning him.

                                   19

1  are vicariously liable for the torts of their employees, but are

2  immune if the employee is immune.  Id. at § 815.2.  In addition

3  to vicarious liability, "[w]here a public entity is under a

4  mandatory duty imposed by an enactment that is designed to

5  protect against the risk of a particular kind of injury, the

6  public entity is liable for any injury proximately caused by its

7  failure to discharge the duty . . .."  Id. at 815.6.

8       County Defendants assert that the California Court of Appeal

9  has stated that to state a cause of action against a public

10 entity, "every fact essential to the existence of statutory

11 liability must be pleaded with particularity, including the

12 existence of a statutory duty."  Searcy v. Hemet Unified Sch.

13 Dist., 177 Cal. App. 3d 792, 802 (1986).  The "statute or

14 'enactment' claimed to establish duty must at the very least be

15 identified."  Id.

16      As an initial matter, according to their papers, the moving

17 County Defendants do not include the County of Fresno itself, but

18 only the various individuals named.  Those individuals are public

19 employees to whom section 815 immunity does not apply. As a

20 second matter, federal and not state law, sets the standard for

21 dismissal under Rule 12(b)(6), although the state law standard

22 for dismissal is "highly relevant."  Church of Scientology v.

23 Flynn, 744 F.2d 694, 696 n.2 (9th Cir. 1984).  Federal pleading

24 is notice pleading and requires only a "short and plain statement

25 of the claim showing that the pleader is entitled to relief."

26 Fed. R. Civ. P. 8(a).  Defendants have presented and the Court's

20

1  own research has revealed no federal case in which a plaintiff's

2  state law claims were dismissed on this basis.  Accordingly,

3  Plaintiffs' state law claims will not be dismissed on this ground

4  at this time. This determination in no way affects County

5  Defendants' ability to assert immunity at a later time.[7]

6  **IV.   Motion for a More Definite Statement**

7       **A.   Legal Standard**

8       Rule 12(e) of the Federal Rules of Civil Procedure allows

9  for a motion for a more definite statement if a pleading "is so

10 vague or ambiguous that a party cannot reasonably be required to

11 frame a responsive pleading."  Fed. R. Civ. P. 12(e).  Motions

12 for a more definite statement are disfavored, but are within the

13 Court's discretion and may sometimes be appropriate.  "[P]roper

14 pleading under Rule 8 requires a pleading to contain allegations

15 of each element of the claim.  If it does not, and if the

16 deficiency is not so material that the pleading should be

17 dismissed under Rule 12(b)(6), a more definite statement is

18 appropriate."  2 <u>Moore's Federal Practice</u>, § 12.36[1] (Matthew

19 Bender 3d ed.).  However, "where the information sought by the

20 moving party is available and/or properly sought through

21 discovery the motion should be denied.  <u>Famolare, Inc. v. Edison</u>

22 <u>Bros. Stores, Inc.</u>, 525 F. Supp. 940, 945 (E.D. Cal. 1981); <u>see</u>

23 <u>also</u> Wright & Miller, Federal Practice and Procedure: Civil 3d §

24

25      [7] Plaintiffs argue in their opposition that filing of the
   government claim defeats sovereign immunity.  This is not the law;
26 the statute specifically states "subject to any immunity"  and
   "subject to any defenses."  Cal. Govt. Code § 815(b).

1   1376.

2       **B.   Discussion**

3       Sheriff Defendants argue that a motion for a more definite

4   statement is appropriate here because it "is not clear whether

5   plaintiffs intend to separately plead state law claims for relief

6   or, if so, against which defendants each state law claim is being

7   asserted."  Sheriff Defs.' Mot. at 3.  Plaintiffs assert that the

8   Complaint clearly alleges that all claims are against all

9   Defendants.

10      The Court notes at the outset that if the Sheriff Defendants

11  had moved, as the City of Fresno did, for the dismissal of

12  Plaintiffs' state law claims pursuant to Rule 12(b)(6), such

13  dismissal would likely have been proper.  Plaintiffs' Complaint

14  states various state law claims but is deficient as to its

15  factual allegations and which of those state law causes of action

16  are actually being asserted.  Nonetheless, the causes of action

17  are at least named, and the City of Fresno was able to frame a

18  motion to dismiss based on these state law claims; while a motion

19  to dismiss is not a responsive pleading, it is apparent that the

20  bare minimum required for such pleading is present in the

21  Complaint such that Defendants could, at the very least, deny the

22  allegations and raise appropriate defenses.  Accordingly, Sheriff

23  Defendants' motion for a more definite statement is DENIED.

24      The Court also notes, however, that a First Amended

25  Complaint will be required because of the pleading deficiencies

26  as to the Tort Claims Act.  The Court encourages Plaintiff Sharon

1    Saunders to specifically set forth her state law causes of action

2    in any amended pleading in much the same manner as she did her

3    federal claims.

4        **ACCORDINGLY,** Plaintiffs' Complaint against the City of

5    Fresno is hereby DISMISSED WITH PREJUDICE in its entirety based

6    on failure to state a claim and failure to comply with the

7    California Tort Claims Act.

8        **FURTHER,** Plaintiffs' section 1983 claims against the DA

9    Defendants are hereby DISMISSED based on prosecutorial immunity.

10       **FURTHER,** Plaintiffs' state law claims against the DA

11   Defendants are hereby DISMISSED WITH PREJUDICE based on

12   discretionary immunity.

13       **FURTHER,** Plaintiffs' state law claims against the Sheriff

14   Defendants are DISMISSED based on failure to allege compliance

15   with the California Tort Claims Act.

16       **FURTHER,** Sheriff Defendants' motion for a more definite

17   statement is hereby DENIED.

18

19   IT IS SO ORDERED.

20   **Dated:  May 3, 2005**              **/s/ Robert E. Coyle**
     ia40ij                        UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26