1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   SHARON SAUNDERS, et. al,                    CASE NO. CV F 04-5924 AWI LJO

12            Plaintiff,                         **ORDER ON DEFENDANTS' MOTION TO**
                                                 **EXTEND PLAINTIFF'S DEPOSITION**
13   _____vs._____  (Docs. 81-83.)

14   CYNTHIA KNIGHT, et. al,

15            Defendants.

16   _____/

17                             **INTRODUCTION**

18          In this 42 U.S.C. § 1983 action alleging wrongful search and seizure of property, defendants[1]

19   seek to extend the seven-hour F.R.Civ.P. 30(d)(2) limit of pro se plaintiff Sharon Saunders' ("Ms.

20   Saunders'") deposition to 16 hours and to videotape the deposition.  This Court considered defendants'

21   motion to extend Ms. Saunders' deposition on the record and VACATES the January 26, 2007 hearing.

22   *See* Local Rule 78-230(c).  For the reasons discussed below, this Court GRANTS defendants up to 16

23   hours over two days for Ms. Saunders' videotaped deposition.

24                             **BACKGROUND**

25          On January 5, 1999 after an extensive undercover investigation, defendants executed 10 search

26   and arrest warrants at the Fashion Fair Mall community meeting room in connection with what

27   _____

28          [1]      Defendants are 14 law enforcement officers and detectives with the Fresno County Sheriff Department and
     will be referred to collectively as "defendants."

                                      1

1  defendants characterize as a pyramid scheme of Constitutional Colleagues in Granite ("CCG").  Ms.

2  Saunders was arrested, and items were seized during her home's search.  Ms. Saunders proceeds on her

3  second amended complaint to allege wrongful search and seizure claims against defendants.

4        Ms. Saunders refused defendants' request to dismiss defendants "not central to her case" to limit

5  the scope of discovery.  Defendants set Ms. Saunders' January 30, 2007 video-taped deposition, and Ms.

6  Saunders refused defendants' request for a 16-hour deposition.

7        On December 12, 2006, the parties filed their papers to address the disputed deposition length.

8  Defendants seek Ms. Saunders' 16-hour deposition (without prejudice to seek additional time if Ms.

9  Saunders impedes or delays examination) on grounds that:

10        1.   Each of the 14 defendants is "entitled to discovery of exactly what facts plaintiff claims

11             to have which establish their alleged liability" and to "separate line of questioning

12             concerning what exactly plaintiff claims each did or did not do, in alleged derogation of

13             plaintiff's rights";

14        2.   Due to the voluminous background material and exhaustive investigation regarding the

15             CCG pyramid scheme, defendants are entitled to ascertain facts on which Ms. Saunders

16             relies to assert that defendants' supportive materials are false or that defendants lacked

17             probable cause;

18        3.   Ms. Saunders alleges damages exceeding $6.5 million, including $1.2 million lost wages

19             and benefits from termination of her St. Agnes Hospital employment;

20        4.   Defendants question the validity of Ms. Saunders' written discovery responses and

21             document production lacking documents of new employment in that Ms. Saunders

22             remarked to defense counsel that she resists a 16-hour deposition because she must

23             "work for a living"; and

24        5.   Ms. Saunders' deposition will require "an exhaustive analysis" of inducements to join

25             the CCG pyramid scheme, including CCG disseminated materials and public statements.

26        Lastly, defendants claim that Ms. Saunders refuses to submit to a video-taped deposition

27  although defendants' notice of her deposition indicates it "will be recorded by sound-and-visual means."

28        Ms. Saunders responds that defendants fail to meet their burden to extend the seven-hour

2

deposition limit in that:

1.  Defense counsel is skilled and experienced and will require less time to depose Ms. Saunders;

2.  Based on their acknowledged extensive background information, defendants "know the facts and evidence of the case backwards and forwards, and the only real substantial differences in the case are a few disputed facts regarding the issues of probable cause to seize and arrest";

3.  Ms. Saunders' damages claims are not grounds for a comprehensive examination in that the Court and jury will determine her damages;

4.  Since Ms. Saunders "is not nearly done conducting her own discovery at the present she can assert at this time she will not have too much to contribute at any such proposed deposition in the way of specific facts regarding what each defendant did";

5.  The deposition is redundant in that defendants have the seized materials and information, which were not returned to Ms. Saunders to prevent her to participate in "exhaustive analysis, as she has no comprehensive information at the present time to do so, rendering the examination proposed by counsel more speculation than reality";

6.  Defense counsel attempts to engage in discovery abuse "amounting to a trial before the trial to which he is not entitled"; and

7.  "[M]uch of what counsel is proposing . . . is not feasible and will not actually occur at any such deposition."

## DISCUSSION

### Scope Of Discovery

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," *United States v. Procter & Gamble*, 356 U.S. 677, 683, 78 S.Ct. 983, 987 (1958), and to narrow and clarify the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947).

F.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

Parties may obtain discovery regarding any matter, not privileged, that is relevant

to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

## Seven-Hour Deposition Limit

F.R.Civ.P. 30(d)(2) addresses the seven-hour deposition limit:

> Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2)[2] if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination.

The Advisory Committee Notes for the 2000 Amendment to F.R.Civ.P. 30(d)(2) address extending the seven-hour limitation:

> Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition. . . . This limitation contemplates that there will be reasonable breaks during the day for lunch and other reasons, and that the only time to be counted is the time occupied by the actual deposition. . . . The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.

> Parties considering the time for a deposition – and courts asked to order an extension – might consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the examination. If the examination will cover **events occurring over a long period of time**, that may justify allowing additional time. In cases in which the witness will be questioned about **numerous or lengthy documents**, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court could consider that a reason for extending the time limit. If the examination reveals that **documents have been requested but not produced**, that may justify further examination once production has occurred. **In multi-**

---

[2]   F.R.Civ.P. 26(b)(2) addresses limits on discovery:

> By order, the court may alter the limits in these rules on . . . the **length of depositions** under Rule 30. . . . The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rules shall be limited by the court if it determines that: ( i ) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. (Bold added.)

1    **party cases, the need for each party to examine the witness may warrant additional**
2    **time**, although duplicative questioning should be avoided and parties with similar
     interests should strive to designate one lawyer to question about areas of common
3    interest.

4         It is expected that in most instances the parties and the witness **will make**
     **reasonable accommodations to avoid the need to resort to the court**. . . .
5    Preoccupation with timing is to be avoided.

6         The rule directs the court to allow additional time where consistent with Rule
     26(b)(2) if needed for a fair examination of the deponent.  (Bold added.)

7    Ms. Saunders proceeds on a 36-page complaint against 14 individual defendants and declined

8    defendants' invitation to dismiss peripheral defendants to limit the scope of discovery.  Ms. Saunders

9    seeks damages exceeding $6.5 million.  Ms. Saunders has raised numerous issues relevant to her claims

10   and defense of them.  Defendants are justified to seek a deposition extension in light of Ms. Saunders'

11   claims that, despite their extensive investigation and voluminous background materials, defendants

12   lacked probable cause to arrest Ms. Saunders and to search her home.

13        Ms. Saunders offers little meaningful to challenge a deposition extension.  Ms. Saunders fails

14   to articulate what she characterizes as "a few disputed facts regarding the issues of probable cause to

15   seize and arrest."  Ms. Saunders' assertion that the Court and jury will determine her damages

16   undermines her damages claim exceeding $6.5 million.  Ms. Saunders fails to demonstrate that defense

17   counsel seeks to abuse the deposition process, especially given her far reaching claims.  Ms. Saunders'

18   grounds to oppose a deposition extension raise questions whether she attempts to obstruct defendants'

19   legitimate discovery.  Ms. Saunders appears to claim that she will offer little to support her claims

20   because defendants have not returned materials seized during 1999 searches.  This Court anticipates

21   defense counsel will present Ms. Saunders at her deposition materials and documents to review to

22   address Ms. Saunders' claims and defense of them.  The fact that Ms. Saunders has not completed her

23   discovery does not prevent defendants to test Ms. Saunders' claims.  If appropriate, this Court

24   encourages defense counsel to provide Ms. Saunders documents to review in advance of her deposition

25   to promote efficiency.  This Court reminds Ms. Saunders of her obligation to provide complete, non-

26   evasive discovery responses.

27        As to videotaping Ms. Saunders' deposition, F.R.Civ.P. 30(b)(2) so permits:

28        The party taking the deposition shall state in the notice the method by which the

testimony shall be recorded.  Unless the court orders otherwise, it may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording.

Defendants' notice of Ms. Saunders' deposition properly notes "the deposition will be recorded by sound-and-visual means; the sound-and-visual recording will thereafter be transcribed." Ms. Saunders demonstrates no grounds to prevent her video-taped deposition.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court GRANTS defendants up to 16 hours over two days for plaintiff Sharon Saunders' videotaped deposition.

IT IS SO ORDERED.

**Dated:    January 4, 2007**              /s/ Lawrence J. O'Neill
66h44d                              UNITED STATES MAGISTRATE JUDGE