IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHARON SAUNDERS,

    Plaintiff,

vs.

CYNTHIA KNIGHT, et al.,

    Defendants.

CV F 04 5924 LJO WMW

ORDER DENYING MOTION TO EXCEED TWENTY-FIVE INTERROGATORIES (DOC 87, 101)

ORDER GRANTING DEFENDANTS' MOTION COMPELLING PLAINTIFF TO RESPOND

Background

In this case, plaintiff alleges infringement of her constitutional rights when, on January 5, 1999, employees of the Fresno County Sheriff's Department executed search and arrest warrants at a meeting of Constitutional Colleagues in Granite, a group suspected of participation in an "endless chain scheme," within the meaning of California Penal Code section 327.

Order Denying Plaintiff's Motion to Exceed Twenty-Five Interrogatories

Plaintiff served one set of 31 interrogatories upon defendant Sheriff Pierce, and Sheriff Pierce objected to Interrogatory Nos. 26 through 31 on the ground that plaintiff had exceeded the maximum of 25 interrogatories permitted under Rule 33. Plaintiff thereafter served another set

of 25 interrogatories upon Sheriff Pierce, forcing Sheriff Pierce to again prepare and serve objections based on the numerical limitations of Rule 33.  Plaintiff brings a motion to exceed the numerical limitations.

Plaintiff appears to request an order authorizing unspecified, limitless additional interrogatories, and requiring Sheriff Pierce to respond to the interrogatories to which Sheriff Pierce interposed the objection:

26. What was the date (day, month, year) that you first began acting as Fresno County Sheriff?

27. Who orchestrated the presence of news media cameras filming the goings on at the raid on 1/5/1999 at Fresno Fashion Fair Mall by Fresno County Sheriff's Department?

28. Who gave authorization for the News Media to film the goings on of the raid of 1/5/1999 at Fashion Fair Mall?

29. What was the role of Richard Ko in the investigation and arrest of Plaintiff Sharon Saunders?

30. Do you or your office have a copy of or an original of the alleges signed Affidavit of Probable Cause allegedly signed by Sheriff's Detective Cynthia Knight in support of issuance or a search warrant or arrest warrant against Plaintiff Sharon Saunders?

31. Do you or your office have a copy of or an original of any alleged signed Affidavit of Probable Cause Executed by Richard Ko in support of issuance of any Arrest or Search Warrants against Plaintiff Sharon Saunders?

The Court denies Plaintiff's motion to exceed the 25 interrogatory limit on two grounds. First, Fed. R. Civ. Proc. 26(b)(2)(C) sets forth the factors to be considered in regard to whether to alter the 25 interrogagory limitation:

> The frequency or extend of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or it is obtainable from some other source that is more convenient,

less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweights its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Here, to the extent Plaintiff seeks limitless additional interrogatories, the Court is unable to weigh whether the discovery sought is unreasonably cumulative or duplicative, or obtainable from some other source. Nor is the court able to determine the burden and expense of the discovery.

Second, with respect to Interrogatory Nos. 26 through 31 propounded upon Sheriff Pierce, the Sheriff Defendants have amply demonstrated that Plaintiff is already in possession of most of the information sought by Plaintiff.

Plaintiff's motion is therefore denid.

Order Granting Sheriff Defendants' Motion to Compel Plaintiff to Respond to Deposition Questions

In January, 2007, the Sheriff Defendants took Plaintiff's deposition. Citing privacy rights, Plaintiff refused to respond to questions requiring Plaintiff to disclose her address and social security number. The Sheriff Defendants filed a motion to compel Plaintiff to respond to the questions.

The court must balance the right of privacy against the need for discovery. Britt. v. Superior Court 20 Cal. 3d 844 (1978) . Plaintiff's social security number and home address constitute basic identifying information about her, which may assist third party repositories in locating data or documentary information, as may bear on her claims for relief of over $6,000,000, including a claim of $1,200,000 for alleged loss of her employment, and a claim of $235,000 for alleged loss of her residence.

Therefore, the Sheriff Defendants' motion to compel is granted. Plaintiff shall appear at an oral deposition and respond under oath to questions concerning her residential address and

1  social security number.  The Sheriff defendants agree, and this Court orders, that the Sheriff
2  defendants shall not use the information for purposes not connected to this litigation.

9  IT IS SO ORDERED.

10 **Dated:   April 27, 2007**               **/s/  William M. Wunderlich**
                                              UNITED STATES MAGISTRATE JUDGE