IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON SAUNDERS, et. al, | CASE NO. CV F 04-5924 LJO WMW |
| Plaintiff, | **ORDER ON DEFENDANTS' SUMMARY JUDGMENT MOTION ON LIMITATIONS PERIOD** |
| vs. | (Doc. 116.) |
| CYNTHIA KNIGHT, et. al, | |
| Defendants. | |

**INTRODUCTION**

Defendants[1] seek summary judgment on grounds that pro se plaintiff Sharon Saunders' ("Ms. Saunders'") wrongful arrest and search claims are barred by a former one-year limitations period. This Court considered defendants' summary judgment motion on the record and VACATES the June 15, 2007 hearing, pursuant to this Court's Local Rule 78-230(h). For the reasons discussed above, this Court DENIES defendants' summary judgment motion.

/ / /

/ / /

---

[1] Defendants are 11 Fresno County Sheriff's Department peace officers and will be referred to collectively as "defendants."

1

**BACKGROUND**

On January 5, 1999, Fresno County Sheriff's Department employees executed search and arrest warrants at a Fresno meeting of Constitutional Colleagues in Granite, a group suspected of participation in a California Penal Code section 327 ("section 327") endless chain scheme. Ms. Saunders was searched and arrested. On April 9, 1999 (94 days after search and arrest warrant execution), the Fresno County District Attorney's Office filed a criminal complaint against Ms. Saunders in an underlying Fresno County Superior Court criminal action ("criminal action") to allege Ms. Saunders violated section 327.

On January 1, 2003, California Code of Civil Procedure section 335.1 ("section 335.1")[2] took effect to extend the prior limitations period for personal injury actions (and correspondingly to federal civil rights claims, *see Wilson v. Garcia*, 471 U.S. 261, 271-272, 105 S.Ct. 1938 (1985); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716 (1975); *Krug v. Imbrodino*, 896 F.2d 395, 396-397 (9th Cir. 1990)) from one year under former California Code of Civil Procedure section 340(3) ("section 340(3)") to two years. *Abreu v. Ramirez*, 284 F.Supp.2d 1250, 1255 (C.D. Cal. 2003); *see* Cal. Senate Bill 688 (Burton), Stats. 2002, ch. 448, §3.

At a July 7, 2003 preliminary hearing, the criminal action was dismissed against Ms. Saunders based on absence of probable cause to hold Ms. Saunders for trial. On July 2, 2004 (360 days after dismissal of the criminal case), Ms. Saunders filed this action to allege section 1983 claims arising out of defendants' execution of search and arrest warrants.

Defendants seek summary judgment on grounds Ms. Saunders' claims are barred by former section 340(3)'s one-year limitations period based on the combination of: (1) 94 days running from Ms. Saunders' January 5, 1999 search and arrest to the April 9, 1999 filing of the criminal action; and (2) 360 days running from the July 7, 2003 dismissal of the criminal action to the July 2, 2004 filing of this action. Defendants claim that combination of 454 days exceeds the former one-year limitations period. Defendants assert that "once the cause of action accrued for purposes of plaintiff's Section 1983 claim, she had one year within which to file a lawsuit, plus the period for tolling as a result of the Fresno

---

[2] Section 335.1 provides: "Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."

District Attorney's initiation of criminal proceedings against plaintiff."

## DISCUSSION

### Summary Judgment Standards

F.R.Civ.P. 56(b) permits a party against whom a claim is asserted to seek "summary judgment in the party's favor upon all or any part thereof." Summary judgment is appropriate when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(e); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.,* 475 U.S. at 586, n. 11, 106 S.Ct. 1348; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

As discussed below, defendants fail to establish that they are entitled to judgment as a matter of law in that Ms. Saunders is entitled to the benefit of section 335.1's two-years limitations period.

### Limitations Period

Federal civil rights statutes have no independent limitations period. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000); *Abreu . Ramirez*, 284 F.Supp.2d 1250, 1257 (C.D. Cal. 2003). The applicable limitations period is determined by borrowing the forum state's limitations period for personal injuries. *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d at 1257.

Federal law determines when a civil rights claim accrues. *Johnson*, 207 F.3d at 653; *Elliot v. City of Union City*, 25 F.3d 800, 801-802 (9th Cir. 1994); *Abreu*, 284 F.Supp.2d at 1257. Under federal law, a claim accrues when the plaintiff knows, or should have known, of the factual basis underlying his/her cause of action. *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d at 1257. Just as state law determines the applicable limitations period, state law also determines the applicability of tolling doctrines in civil rights actions when applicability is not inconsistent with federal law. *Hardin v. Straub*, 490 U.S. 536, 109 S.Ct. 1998 (1989); *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d at 1257.

Defendants contend that Ms. Saunders' claims accrued on January 5, 1999 when defendants searched and arrested her. Defendants concede that Ms. Saunders' claims were tolled during the criminal action under California Government Code section 945.3, which provides:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.
>
> Any applicable statute of limitations for filing and prosecuting these actions shall be tolled **during the period that the charges are pending before a superior court**. (Bold added.)

This Court's initial determination is whether Ms. Saunders is entitled to apply section 335.1's extended two-year limitations period. "A new statute that enlarges a statutory limitations period applies to actions that are not already barred by the original limitations period at the time the new statute goes into effect." *Andonagui v. May Department Stores Company*, 128 Cal.App.4th 435, 440, 27 Cal.Rptr.3d 145, 149 (2005) (citing *Douglas Aircraft Co. v. Cranston*, 58 Cal.2d 462, 465, 24 Cal.Rptr. 851 (1962)); *Mudd v. McColgan*, 30 Cal.2d 463, 468, 183 P.2d 10 (1947); *Thompson v. City of Shasta Lake*, 314 F.Supp.2d 1017, 1024 (E.D. Cal. 2004). Defendants concede that the limitations period was tolled during the April 9, 1999 to July 7, 2003 pendency of the criminal action. On July 1, 2003, when section 335.1 took effect, Ms. Saunders' claims were not time barred to entitle her to section 335.1's enlarged two-year limitations period. Defendants do not contend that the two-year limitations period had expired when Ms. Saunders filed this action on July 2, 2004. Defendants' reliance on section 340(3)'s one-year limitations period is misplaced. Section 335.1's two-year limitations period applies to Ms. Saunders' claims given that her claims were viable when section 335.1 took effect.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES defendants summary judgment based on the limitations defense.

IT IS SO ORDERED.

Dated:   June 11, 2007                             /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE