1
2
3
4
5
6
7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHARON SAUNDERS,                      CASE NO. CV F 04-5924 LJO WMW

12              Plaintiff,                 **ORDER ON PLAINTIFF'S
                                           RECONSIDERATION MOTION**
13   _____vs._____      (Doc. 120.)

14   CYNTHIA KNIGHT, et. al,

15              Defendants.
                                  /
16

17                             **INTRODUCTION**

18         In this 42 U.S.C. § 1983 action alleging wrongful arrest and search claims, pro se plaintiff Sharon

19   Saunders ("Ms. Saunders") belatedly seeks reconsideration of the magistrate judge's order to compel

20   her to respond to deposition questions to disclose her home address and Social Security number.  For

21   the reasons discussed below, this Court DENIES Ms. Saunders' reconsideration motion and VACATES

22   the June 29, 2007 hearing which she improperly set.[1]

23                             **BACKGROUND**

24         In January 2007, defense counsel deposed Ms. Saunders, who refused to disclose her home

25

26   _____
            [1]     This Court's Local Rule 72-303 addresses reconsideration of magistrate judge rulings, and its subjection
     (e) provides that Local Rule 78-230's notice and briefing schedules have "no application to requests for reconsideration."
27   Subsection (e) further provides that "[no oral argument shall be allowed in the usual civil action." Local Rule 72-303(d)
     requires opposition papers within five court days.  Ms. Saunders' motion is ready to decide with passing of the opposition
28   deadline.

                                      1

1   address and Social Security number.  Defendants[2] brought a motion to compel Ms. Saunders' deposition

2   responses to disclose her home address and Social Security number.  U.S. Magistrate Judge William

3   Wunderlich ("Judge Wunderlich") conducted a March 29, 2007 hearing on defendants' motion which

4   Judge Wunderlich characterized as "not a close call."  Judge Wunderlich explained:

5           So for them to have to have made a motion to compel the answers as to your
        home address, and the other things they were seeking, this was an easy one to hit over
6       the fence because the law is clear, the balancing test is very clear, you offered me nothing
        . . . to the contrary.
7

8   Judge Wunderlich issued an April 30, 2007 order ("April 30 order") to compel Ms. Saunders' deposition

9   answers and to explain:

10          Plaintiff's social security number and home address constitute basic identifying
        information about her, which may assist third party repositories in locating data or
11      documentary information, as may bear on her claims for relief of over $6,000,000,
        including a claim of $1,200,000 for alleged loss of her employment, and a claim of
12      $235,000 for alleged loss of her residence.

13   Defendants agreed, and Judge Wunderlich ordered, to limit use of the home address and Social Security

14   number to this action's purposes.

15          On May 30, 2007, Ms. Saunders filed her papers to seek reconsideration of Judge Wunderlich's

16   April 30 order.  Ms. Saunders claim that her right to privacy is "superior to any speculative value" of

17   her home address and Social Security number.  Ms. Saunders faults Judge Wunderlich for his "dictatorial

18   manner" and  "failure to address the issues raised by this plaintiff in her opposition [to] den[y] her state

19   and federal rights to due process of law and a fair impartial hearing on serious constitutional issues."

20   Ms. Saunders fears that she "could be targeted by the County Sheriffs Department and employees, who

21   could harrass her, surveil [sic] her, & conduct unwarranted investigations of her in violation of her state

22   & federal constitutional rights to privacy."

23                                          **DISCUSSION**

24                              **Untimely Reconsideration Attempt**

25          This Court's Local Rule 72-303(b) addresses the timing to seek reconsideration:

26          Rulings by Magistrate Judges shall be final if no reconsideration thereof is sought

27   _____

28          [2]      Defendants are 11 Fresno County Sheriff's Department peace officers and will be referred to collectively
        as "defendants."

                                                2

1 | from the Court within ten (10) court days calculated from the date of service of the ruling
2 | on the parties . . ."

3 |      The April 30 order was served on Ms. Saunders on April 30, 2007.  Ms. Saunders delayed to file
4 | her reconsideration papers until May 30, 2007, well after the 10-day limit.  As such, her reconsideration
5 | request is barred.

6 | **Merits**

7 |      Motions to reconsider are committed to the discretion of the trial court.  *Rodgers v. Watt*, 722
8 | F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir.
9 | 1987).   A party seeking reconsideration must set forth facts or law of a strongly convincing nature to
10 | induce the court to reverse a prior decision.  *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*,
11 | 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514
12 | (9th Cir. 1987).   This Court's Local Rule 78-230(k) requires a party seeking reconsideration to
13 | demonstrate "what new or different facts or circumstances claimed to exist which did not exist or were
14 | not shown upon such prior motion, or what other grounds exist for the motion."

15 |      This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly
16 | erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  As
17 | such, the court may only set aside those portions of the Magistrate Judge's order that are either clearly
18 | erroneous or contrary to law.  Fed.R.Civ.P. 72(a); *see also Grimes v. City and County of San Francisco*,
19 | 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are
20 | reviewed for clear error under Rule 72(a)).  "Under this standard of review, a magistrate's order is
21 | 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and
22 | firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to
23 | apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316,
24 | at *2 (C.D. Cal. 2002).  "The reviewing court may not simply substitute its judgment for that of the
25 | deciding court." *Grimes*, 951 F.2d at 241.  A district court is able to overturn a magistrate judge's ruling
26 | "'only if the district court is left with the definite and firm conviction that a mistake has been made.'"
27 | *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting
28 | *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).

1    Ms. Saunders fails to convince this Court that Judge Wunderlich made a mistake.  Although Ms.

2    Saunders appears to take issue with Judge Wunderlich hearing comments, Ms. Saunders was neither

3    entitled to nor guaranteed a hearing.  *See* Local Rule 78-230(h).  Ms. Saunders' privacy comments are

4    no more than unsubstantiated platitudes.  Judge Wunderlich limited use of disclosed information to this

5    action's purposes to effectuate a workable, reasonable protective order.  The April 30 order is neither

6    clearly erroneous nor contrary to law.

7    ## CONCLUSION AND ORDER

8    For the reasons discussed above, Ms. Saunders fails to substantiate her burden for

9    reconsideration of the April 30 order, and this Court DENIES Ms. Saunders' belated request for

10   reconsideration.

11   IT IS SO ORDERED.

12   **Dated:    June 12, 2007**                           /s/ Lawrence J. O'Neill
                                                           UNITED STATES DISTRICT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4