IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHARON SAUNDERS,

   Plaintiff,      CV F 04 5924 LJO WMW

 vs.         ORDER RE MOTION (DOC 125)

CYNTHIA KNIGHT, et al.,

   Defendants.


   Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants on claims of wrongful arrest and an unconstitutional search.   Before the Court is Plaintiff's June 8, 2007, motion to disqualify Magistrate Judge Wunderlich from all further proceedings in this action.

   On April 30, 2007, an order was entered, granting Defendants' motion to compel Plaintiff's response to certain questions posed to her at her deposition.  The order reflected Magistrate Judge Wunderlich's ruling at the April 17, 2007, hearing on the motion to compel.  On May 30, 2007, Plaintiff filed a motion for reconsideration of that decision.  On June 13, 2007, the motion for reconsideration was denied.

   Plaintiff brings her motion pursuant to 28 U.S.C. § 144 and 28 U.S.C.

§ 455.   Section 144 provides that a challenge regarding judicial bias or prejudice shall be assigned to another judge.  Section 455 provides that a judge shall disqualify him or herself in any matter in which their impartiality might reasonably be questioned.   Though Plaintiff brings this motion under both statutes, she noticed the motion for hearing before the undersigned.  The Court therefore construes this as a motion to disqualify pursuant to 28 U.S.C. § 455.   This construction does not preclude Plaintiff from filing a separate motion pursuant to 28 U.S.C. § 144, or from seeking reconsideration pursuant to Local Rule 72-303(b).[1]

The substantive standard for recusal, whether sought under 28 U.S.C. §144 or §455, is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) citing Unites States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted).  The alleged bias must stem from an "extrajudicial source." Liteky v. United States, 510 U.S. 540 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. at 555; Poland v. Stewart, 92 F.3d 881 (9th Cir. 1996).  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion

---

[1]Section 144 applies only to judges conducting proceedings "in a district court"(district judges or other judges sitting by designation). Section 455 applies to federal judges generally, including appellate, magistrate, and bankruptcy judges. In re Smith, 305 F.3d 1078, 1092-1093 (9th Cir. 2002).  There is no provision under §455(b)(1) for referral to another judge.  The judge at whom the motion is directed must determine whether recusal is warranted. In re Bernard, 31 F.3d 842, 844 (9th Cir. 1994).

1   unless they display a deep-seated favoritism or antagonism that would

2   make fair judgment impossible."  United States v. Conforte, 624 F.2d 869,

3   882 (9th Cir. 1980), cert. denied, 449 U.S. 1012 (1980) (a judge's views on

4   legal issues may not serve as a basis for motions to disqualify).

5          Plaintiff seeks recusal on the grounds of bias and prejudice.

6   Plaintiff contends that at the April 17th hearing, the undersigned "was

7   rude, abrasive, intimidating, coercive, bias (sic) & unfair in his treatment

8   of Plaintiff Sharon Saunders, resulting in prejudice. . . "    Plaintiff

9   contends that the undersigned demonstrated bias toward defense counsel

10  because Plaintiff was denied her request to read into  the record a

11  prepared written statement.   As noted in the order issued after the

12  hearing, the ruling does not refer to any argument at the hearing, and is

13  based solely upon the written pleadings.  Though counsel for Defendants

14  did address the Court, the underlying legal reasoning for the ruling is

15  based upon the written arguments in the pleadings.

16         A judge's critical or hostile remarks made during a judicial

17  proceeding as to counsel, parties or their cases, will not support a recusal

18  motion unless the reveal "an opinion that derives from an extrajudicial

19  source, or such a high degree of favoritism or antagonism as to make a

20  fair judgment impossible." Liteky, 510 U.S. at 555.  Throughout this

21  motion to recuse, Plaintiff refers to bias, hostility and prejudice.  Plaintiff

22  does not, however, refer to any extrajudicial source for her impressions.

23  Plaintiff also revisits issues that were resolved in the motion at issue on

24  April 17th.

25         Plaintiff's conclusory allegations of bias fail to establish legally

26

3

1  sufficient grounds for recusal.  See Yagman v. Republic Ins., 987 F.2d 622,

2  626-27 (9th Cir. 1993)(concluding that speculative assertions of invidious

3  motive are insufficient to show judicial bias).   The Court finds that

4  Plaintiff's motion fails to meet the standard set forth above.  That

5  Plaintiff received an unfavorable ruling does not demonstrate bias.  That

6  Plaintiff was not allowed to read her prepared statement does not

7  demonstrate bias or prejudice.  The legal issues were clear: Plaintiff must

8  provide basic identifying information and Plaintiff was not granted leave

9  to exceed twenty-five interrogatories.  Plaintiff offered no legal

10 justification for either of her positions in her written submissions.  That

11 she was denied permission to read a written statement does not

12 constitute bias or prejudice as those terms are discussed above.

13      Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to

14 recuse the Magistrate Judge pursuant to 28 U.S.C. § 455 is denied.

17 IT IS SO ORDERED.

18 Dated:    June 15, 2007              /s/  William M. Wunderlich
19                                 UNITED STATES MAGISTRATE JUDGE