# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON SAUNDERS, et. al, | CASE NO. CV F 04-5924 LJO WMW |
| Plaintiff, | ORDER ON PLAINTIFF'S F.R.Civ.P. 56(f) REQUEST |
| vs. | |
| CYNTHIA KNIGHT, et. al, | |
| Defendants. | |

With her papers to oppose defendants' summary judgment/adjudication motion, pro se plaintiff Sharon Saunders ("Ms. Saunders") filed what this Court construes as a F.R.Civ.P. 56(f) request to continue this Court's summary judgment/adjudication ruling and to permit Ms. Saunders to attempt to gather and present additional evidence to oppose summary judgment/adjudication. This Court's August 28, 2007 order entered a briefing schedule for the parties' respective summary judgment/adjudication motions and advised the parties that this Court will consider the motion on the record and without a hearing. This Court further advises Ms. Saunders that there will be **no** October 4, 2007 hearing.

Ms. Saunders seeks to continue this Court's consideration and ruling on the summary judgment/adjudication motions "to allow plaintiff to depose the Crawfords who are witnesses who have stated that defendant Cynthia Knight lied on her statement of probable cause concerning her past

experience regarding the firefighters endless chain scheme."

F.R.Civ.P. 56(f) addresses continuance to obtain evidence to oppose summary judgment:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

This Court's Local Rule 56-260(b) addresses opposition to summary judgment and provides in pertinent part:

> If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

The Ninth Circuit Court of Appeals has explained that to prevail on a F.R.Civ.P. 56(f) motion, parties "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). In making a Rule 56(f) motion, a party opposing summary judgment 'must make clear what information is sought and how it would preclude summary judgment.'" *Margolis v. Ryan*, 140 F.3d 850, 953 (9th Cir. 1998) (quoting *Garett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987)). The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists. *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir. 1987). "The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past." *California Union Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990), *cert. denied*, 498 U.S. 1088, 111 S.Ct. 966 (1991).

Ms. Saunders fails to substantiate additional discovery or evidence to oppose summary judgment/adjudication and to continue a summary judgment/adjudication ruling. Ms. Saunders' limited information indicates that she seeks discovery into irrelevant matters which are inadmissible and not subject to this Court's consideration on summary judgment/adjudication. Ms. Saunders fails to justify delay in attempting to seek the information given that this action has been pending for more than three years and that Ms. Saunders has had years to conduct discovery with multiple stipulated discovery extensions. F.R.Civ.P. 56(f) relief would serve only to further delay resolution of this action and burden

1 the record with irrelevant, potentially unduly prejudicial material.

2      As such, this Court DENIES Ms. Saunders' request to continue this Court's ruling on summary
3 judgment/adjudication and to permit additional discovery.

5 IT IS SO ORDERED.

6 **Dated:   September 20, 2007**                    **/s/ Lawrence J. O'Neill**
                                                                   UNITED STATES DISTRICT JUDGE