IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON SAUNDERS, et. al,<br><br>    Plaintiff,<br>  vs.<br>CYNTHIA KNIGHT, et. al,<br><br>    Defendants.<br>_____/ | CASE NO. CV F 04-5924 LJO WMW<br><br>**ORDER ON PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND TO DISQUALIFY DISTRICT JUDGE**<br>(Docs. 196, 197.) |

## BACKGROUND

This Court issued its November 13, 2007 decision to grant defendants[1] summary judgment on plaintiff Sharon Saunders' ("Ms. Saunders'") 42 U.S.C. § 1983 claims arising from her arrest, search and activities in a suspected endless chain scheme. On November 26, 2007, Ms. Saunders filed papers which this Court construes to seek reconsideration of summary judgment and to disqualify United States District Judge Lawrence O'Neill ("Judge O'Neill"). In the absence of merit of Ms. Saunders' papers and to avoid needless incurrence of defense costs, this Court issues this order to DENY reconsideration of the summary judgment decision and Ms. Saunders' request to disqualify Judge O'Neill.

## DISCUSSION

### Reconsideration

Either the moving or opposing party may seek reconsideration of a summary judgment ruling.

---

[1] Defendants are 11 Fresno County Sheriff's Department peace officers and will be referred to collectively as "defendants."

1

*Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir.), *cert. denied*, 493 U.S. 868, 110 S.Ct. 192 (1989). Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). A motion for reconsideration of a summary judgment ruling is restricted:

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.*

*Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984) (emphasis in original)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

The thrust of Ms. Saunders' papers is that she is displeased and disagrees with summary judgment against her. Ms. Saunders berates this Court's evaluation of the evidence. Ms. Saunders is also upset with United States Magistrate Judge William Wunderlich's ("Judge Wunderlich's") August 28, 2007 order to deny extension of the discovery cutoff. Ms. Saunders appears to advocate that additional deposition testimony would have assisted her. Ms. Saunders devotes a good portion of her papers to rehashing points raised in her prior papers and attacking this Court.

Ms. Saunders makes no effort to demonstrate newly discovered evidence, clear error or intervening change in controlling law. She points to no manifest error of law or fact and to no new or different facts or circumstances. Ms. Saunders' papers demonstrate venting of her frustration. Moreover, protest to Judge Wunderlich's August 28, 2007 order is untimely given the 10-court day limit

to seek reconsideration. *See* Local Rule 72-303(b). Ms. Saunders fails to substantiate grounds for reconsideration.

## Disqualification

Without citing legal authority, Ms. Saunders seeks to disqualify Judge O'Neill as "Biased and Prejudiced."

28 U.S.C. § 455 ("section 455") addresses judicial disqualification and provides in pertinent part:

> (a) Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances;
>
> > (1) Where he has a personal bias or prejudice concerning a party . . .

The standard to judge the appearance of partiality requiring recusal under section 455(a) is an objective one and involves ascertaining "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983).

In *Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147 (1994), the United States Supreme Court determined that recusal under section 455(a) is subject to the limitation of "extrajudicial source":

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.
>
> . . .
>
> [J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They <u>may</u> do so if they reveal an opinion that derives from an extrajudicial source; and they <u>will</u> do so if they reveal such a high degree of favoritism or antagonism as to make fair judgments impossible. . . . <u>Not</u> establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

*Liteky*, 510 U.S. at 555-556, 114 S.Ct. 1147 (underlining in original).

In *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.), *cert. denied*, 449 U.S. 1012 (1980), the Ninth Circuit Court of Appeals explained the degree of bias or animus to warrant recusal:

> It is an animus more active and deep-rooted than an attitude of disapproval toward certain persons because of their known conduct, unless the attitude is somehow related to a suspect or invidious motive such as racial bias or a dangerous link such as a financial interest, and only the slightest indication of the appearance or fact of bias or prejudice arising from those sources would be sufficient to disqualify.

Ms. Saunders did not seek to disqualify Judge O'Neill until after his unfavorable summary judgment decision. The objective evidence reveals nothing to question Judge O'Neill's impartiality and that Ms. Saunders seeks another chance to avoid dismissal of her claims. An unfavorable summary judgment decision does not equate to partiality. Comments in the summary judgment decision are confined the summary judgment motion's context and evidence – nothing more. Ms. Saunders offers no extrajudicial source of bias against her. Her disqualification attempt further exemplifies her frustration with an unfavorable decision.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DENIES reconsideration of summary judgment in defendants' favor and Ms. Saunders' request to disqualify Judge O'Neill; and

2. VACATES the December 31, 2007 hearing set by Ms. Saunders.

IT IS SO ORDERED.

**Dated:    November 30, 2007**             /s/ Lawrence J. O'Neill
                                                                            UNITED STATES DISTRICT JUDGE